IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:24-cv-00644

**MARK KEITH ROBINSON,**

                **Plaintiff,**

   v.

**CABLE NEWS NETWORK, INC.,
LOUIS LOVE MONEY,**

                **Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF CABLE NEWS NETWORK INC.'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..............................................................................................1

STATEMENT OF FACTS .....................................................................................................2

I. THE PARTIES.............................................................................................................2

II. THE CNN ARTICLE AT ISSUE ................................................................................3

III. THE COMPLAINT AND REMOVAL TO FEDERAL COURT ................................4

ARGUMENT .............................................................................................................................5

I. THE AMENDED COMPLAINT DOES NOT ALLEGE ACTUAL MALICE..................6

CONCLUSION ........................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adelson v. Harris*,
  973 F. Supp. 2d 467 (S.D.N.Y. 2013)......................................................................................6

*Arpaio v. Zucker*,
  414 F. Supp. 3d 84 (D.D.C. 2019) ..........................................................................................9

*Arthur v. Offit*,
  2010 WL 883745 (E.D. Va. Mar. 10, 2010) ...........................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)....................................................................................................6, 11, 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................................6, 12

*Blankenship v. NBCUniversal, LLC*,
  60 F.4th 744 (4th Cir. 2023) .................................................................................................10

*Bose Corp. v. Consumers Union of U.S., Inc.*,
  466 U.S. 485 (1984)................................................................................................................8

*Brimelow v. New York Times Co.*,
  2021 WL 4901969, (2d Cir. Oct. 21, 2021)..........................................................................13

*BYD Co. v. All. for Am. Mfg.*,
  554 F. Supp. 3d 1 (D.D.C. 2021), *aff'd*, 2022 WL 1463866 (D.C. Cir. May 10, 2022)............6

*Carr v. Forbes, Inc.*,
  259 F.3d 273 (4th Cir. 2001) ........................................................................................6, 7, 8

*Counterman v. Colorado*,
  600 U.S. 66 (2023)..................................................................................................................7

*Dershowitz v. Cable News Network, Inc.*,
  541 F. Supp. 3d 1354 (S.D. Fla. 2021) .................................................................................10

*Dongguk Univ. v. Yale Univ.*,
  734 F.3d 113 (2d Cir. 2013)..................................................................................................14

*Fairfax v. CBS Broad. Inc.*,
  534 F. Supp. 3d 581 (E.D. Va. 2020), *aff'd sub nom. Fairfax v. CBS Corp.*, 2 F.4th 286 (4th Cir. 2021) ................................................................................................................................3

*Fairfax v. CBS Corp.*,
 2 F.4th 286 (4th Cir. 2021) ........................................................................................2, 8, 9, 13

*Harte-Hanks Commc'ns, Inc. v. Connaughton*,
 491 U.S. 657 (1989).................................................................................................2, 8, 9, 10

*Harvey v. Cable News Network, Inc.*,
 48 F.4th 257 (4th Cir. 2022) ...............................................................................................8, 11

*Hatfill v. N.Y. Times Co.*,
 532 F.3d 312 (4th Cir. 2008) ....................................................................................................8

*Horne v. WTVR, LLC*,
 893 F.3d 201 (4th Cir. 2018) ....................................................................................................7

*Lemelson v. Bloomberg L.P.*,
 903 F.3d 19 (1st Cir. 2018)......................................................................................................11

*Mayfield v. NASCAR, Inc.*,
 674 F.3d 369 (4th Cir. 2012) ..............................................................................................6, 12

*N.Y. Times Co. v. Sullivan*,
 376 U.S. 254 (1964).............................................................................................................7, 13

*Reuber v. Food Chem. News, Inc.*,
 925 F.2d 703 (4th Cir. 1991) ....................................................................................................9

*Russe v. Harman*,
 2023 WL 4497011 (W.D.N.C. July 12, 2023).........................................................................8

*Schatz v. Republican State Leadership Comm.*,
 669 F.3d 50 (1st Cir. 2012)......................................................................................................11

*Sec'y of State for Defence v. Trimble Navigation Ltd.*,
 484 F.3d 700 (4th Cir. 2007) ....................................................................................................3

*St. Amant v. Thompson*,
 390 U.S. 727 (1968).................................................................................................................8

*Talley v. Time, Inc.*,
 923 F.3d 878 (10th Cir. 2019) ................................................................................................11

**State Cases**

*Bowser v. Durham Herald Co.*,
 181 N.C. App. 339, 638 S.E.2d 614 (2007)............................................................................7

*Boyce & Isley, PLLC v. Cooper*,
    153 N.C. App. 25, 568 S.E.2d 893 (2002)................................................................................7

*Griffin v. Holden*,
    180 N.C. App. 129, 636 S.E.2d 298 (2006)............................................................................7

*Varner v. Bryan*,
    113 N.C. App. 697, 440 S.E.2d 295 (1994).............................................................................9

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .....................................................................................1, 6

Defendant Cable News Network, Inc. ("CNN") submits this memorandum of law in support of its motion for an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing the Amended Complaint with prejudice.

**PRELIMINARY STATEMENT**

Defamation lawsuits are not intended to be political theatre. Yet it appears this is precisely why Plaintiff Mark Robinson ("Robinson") brings this suit against Cable News Network ("CNN")—a lawsuit he announced at a press conference in the final days of his campaign for Governor of North Carolina. In the midst of that campaign, after conducting a thorough investigation, CNN published an article, "I'm a black NAZI!': NC GOP nominee for governor made dozens of disturbing comments on porn forum" (the "Article"), reporting that Robinson made lewd and racist posts under the username "minisoldr" on the pornography website Nude Africa. CNN's Article reports that these posts show that Robinson, at least at some point, privately held views that starkly contrast with those he publicly proclaims. The Article also includes a section in which the CNN journalists who wrote the Article "show their work" as to how they made the connection between Robinson and minisoldr.

Robinson alleges that the Article is false and defamatory and during his press conference announced "[the Article] is a journalistic hit job in order to interfere with an election." While this may make for campaign drama, it does not make for a good defamation claim.

This Court should dismiss Robinson's Amended Complaint against CNN because he has failed to plausibly allege a claim for defamation. In particular, Robinson did not and cannot plausibly allege facts that show that CNN published the Article with actual malice, *i.e.*, with the subjective awareness of probable falsity. In fact, the Amended Complaint does not include a single allegation demonstrating that CNN doubted the veracity of its reporting. Instead, it includes pages of invective broadly claiming that CNN acts as a monolith promoting a political agenda

1

inconsistent with Robinson's belief. Even if that were true—and it is not—political disagreement is not evidence of actual malice. *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 666 (1989); *see also Fairfax v. CBS Corp*., 2 F.4th 286, 295 (4th Cir. 2021).

The only other allegations involve conclusory guesses, which are untethered from actual facts, that CNN acted with knowing falsity when it published that Robinson was minisoldr because he is sure that someone, somewhere, fabricated the minisoldr posts. Based on this guesswork, Robinson proceeds to invent an implausible theory that CNN acted with actual malice and should have never published this highly newsworthy Article because *maybe* it is possible that *someone* (who he does not name) *could* have triangulated various bits of digital information (all of which predates Robinson's time as a political figure in North Carolina by almost 10 years), fabricated the minisoldr posts, and then somehow manipulated the time stamps on the fake posts so they looked like they were made between 2008 and 2012. And he does so despite the fact that he alleges not a *single* shred of plausible evidence supporting that theory. Robinson's hypothesis is implausible, to say the least. Robinson has not adequately alleged that CNN acted with actual malice. Indeed, by "showing their work" the CNN reporters demonstrate their subjective belief in the truth of their reporting, which Robinson is unable to contravene. Respectfully, this Court should dismiss Robinson's Amended Complaint with prejudice.

## STATEMENT OF FACTS

### I. THE PARTIES

Plaintiff is the Lieutenant Governor of North Carolina and the former Republican nominee for Governor of North Carolina. Am. Compl ¶ 2, ECF No. 1-24.

Defendant Louis Love Money is a former clerk at an adult film store and a member of the band Trailer Park Orchestra. *Id.* ¶¶ 4, 26. For the reasons set forth in the Notice of Removal (ECF No. 1), Money was fraudulently joined in this action.

2

Defendant Cable News Network, Inc. ("CNN") owns and operates news platforms and services, including the television network CNN and the website www.cnn.com. Am. Compl. ¶ 3.

## II. THE CNN ARTICLE AT ISSUE

On September 19, 2024, CNN published the article "I'm a black NAZI!': NC GOP nominee for governor made dozens of disturbing comments on porn forum." (Notice of Removal, Ex. 5, ECF No. 1-6).[1] The Article reported that Robinson made comments between 2008 and 2012 on the pornographic website Nude Africa under the username "minisoldr." The comments were posted nearly a decade before Robinson entered politics. As described in the Article, many of these comments were "gratuitously sexual and lewd in nature" and "frequently contained derogatory and racial slurs directed at Black, Jewish and Muslim people." *Id.* at 2. Such comments include "I like watching tranny on girl porn! That's f*cking hot! It takes the man out while leaving the man in! And yeah I'm a 'perv' too!" and "Slavery is not bad. Some people need to be slaves. I wish they would bring it (slavery) back. I would certainly buy a few." *Id*. at 4, 11. The sentiments expressed in many comments on Nude Africa conflict with Robinson's current political positions.

The Article describes in some detail the newsgathering that went into the conclusion that the poster "minisoldr" on Nude Africa was, in fact, Robinson. In particular, the Article reported that (1) the Nude Africa poster "minisoldr" listed "mark robinson" as his real name (*id.* at 7); (2) that Robinson used the name minisoldr on other internet platforms, including X (formerly known

---

[1] The Court can consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd*., 484 F.3d 700, 705 (4th Cir. 2007); *see also Fairfax v. CBS Broad. Inc*., 534 F. Supp. 3d 581, 585 n.2 (E.D. Va. 2020) (considering the relevant publication, attached to the motion to dismiss, in a defamation case), *aff'd sub nom. Fairfax v. CBS Corp*., 2 F.4th 286 (4th Cir. 2021). The Amended Complaint refers to the Article by its title, describes some of its contents, and it forms the basis of Plaintiff's claim. The Article is therefore plainly integral to the Amended Complaint.

as Twitter) (*id*. at 3, 8, 9); and (3) a 2017 leak of usernames and email addresses from the online platform Disqus revealed the email address associated with minisoldr on Nude Africa is the same email address Robinson has used elsewhere. *Id.* at 9. The Article further details how CNN used Robinson's biographical data, publicly available information, and his posts on other platforms to connect Robinson to the minisoldr account on Nude Africa. *Id.* at 7–9. For example, in 2011, both minisoldr and Robinson lived in Greensboro, North Carolina. *Id.* at 7. The Article also explains that a user going by "minisoldr" on the website AdultFriendFinder also lived in Greensboro. *Id.* at 8. In 2008, both Robinson and minisoldr had been married for 18 years. *Id*. at 7. Minisoldr and Robinson both had mothers who had worked at a Historically Black College and University. *Id.* at 9. Minisoldr and Robinson both posted about the same topics, including "reviews for remote-controlled helicopters, their attraction to specific celebrities and their favorite 'Twilight Zone' episode." *Id.* Finally, some of Robinson's Facebook posts from 2014 and 2016 use some of the same unique phrases employed by minisoldr, such as "frogs fat ass" and "don't give two shakes." *Id.* at 10.

Prior to the Article's publication, CNN provided Robinson with evidence connecting him to the minisoldr posts on Nude Africa and sought his comment on the story. *Id*. at 4. The Article includes—on two separate occasions—that Robinson denied authoring the posts. *Id*. at 2, 4.

### III. THE COMPLAINT AND REMOVAL TO FEDERAL COURT

On October 15, 2024, Robinson filed the defamation action captioned *Mark Robinson v. Cable News Network, Inc. and Louis Love Money*, Case No. 24-CV-032897-910, in the Superior Court of Wake County, North Carolina. As against Money, Robinson alleged he was defamed by statements Money made in a song published on YouTube on August 11, 2024 and in an interview

4

published in *The Assembly* on September 3, 2024.[2]  On October 16, 2024, Money filed a motion to dismiss the Complaint because it violated Rule 8(a)(2) of the North Carolina Rules of Civil Procedure.  Under that rule, pleadings for punitive damages cannot specify a damage amount greater than $25,000.  In response, on October 18, 2024, Robinson filed an Amended Complaint seeking damages "in excess of twenty-five thousand dollars ($25,000.00)."  Am. Compl at 16.

Robinson separately—and unrelatedly—claims he was defamed in statements included in the CNN Article.  While he does not specify which specific statements in the Article he claims to be defamatory, he suggests that accusing him of making the statements by the minisoldr account and quoted in the Article is defamatory.  *See* Am. Compl. ¶ 11 (alleging that CNN "falsely" attributed to him statements that are "lewd, sex-obsessed, racist, and outrageous").  He also alleges the Article falsely claimed that he created an account on AdultFriendFinder.com.  *Id.*  As a result of the alleged defamation, in his original Complaint, Robinson sought "no less than fifty million dollars ($50,000,000.00)" in damages.  Compl. at 15.

On November 14, 2024, Defendant CNN timely filed a notice of removal to federal court, ECF No. 1, on the grounds that Money had been fraudulently joined.

## ARGUMENT

This Court should dismiss Robinson's Amended Complaint because, despite his heated rhetoric, he has not plausibly alleged that CNN acted with actual malice (*i.e.*, a subjective awareness of probable falsity).

To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While

---

[2] The meritless claim against Money, which is entirely unrelated to the claim against CNN, is addressed in CNN's Notice of Removal.  ECF No. 1.  For the reasons set forth in the Notice of Removal, Money was fraudulently joined in this action against CNN solely to defeat diversity jurisdiction.

the Court must accept factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor, the Court is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Fourth Circuit has made clear that dismissal is warranted where a plaintiff fails to plead "factual allegations" sufficient "to raise a right to relief above the speculative level. *Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 377–78 (4th Cir. 2012) (citing *Twombly*, 550 U.S. at 555).

"Rule 12 plays an especially important role in defamation cases ." *BYD Co. v. All. for Am. Mfg.*, 554 F. Supp. 3d 1, 6 (D.D.C. 2021), *aff'd*, 2022 WL 1463866 (D.C. Cir. May 10, 2022). Indeed, "[t]he Supreme Court has directed courts to expeditiously weed out unmeritorious defamation suits." *Id*. (quoting *Kahl v. Bureau of Nat'l Affairs, Inc*., 856 F.3d 106, 109 (D.C. Cir. 2017)). Early dismissal of defamation lawsuits protects against the "the additional cost, in the form of potentially deterred speech," that results from "baseless defamation claims." *Arthur v. Offit*, No. 01:09-CV-1298, 2010 WL 883745, at *3 (E.D. Va. Mar. 10, 2010). Accordingly, "federal courts have historically given close scrutiny to pleadings in libel actions." *Id*.;*see also Carr v. Forbes, Inc*., 259 F.3d 273, 278 (4th Cir. 2001) (recognizing that defamation claims "potentially chill the free speech rights jealously protected by the First Amendment"); *Adelson v. Harris*, 973 F. Supp. 2d 467, 481 (S.D.N.Y. 2013) ("Because a defamation suit 'may be as chilling to the exercise of First Amendment freedoms as fear of the outcome of the lawsuit itself,' courts should, where possible, resolve defamation actions at the pleading stage.") (quoting *Wash. Post Co. v. Keogh*, 365 F.2d 965, 968 (D.C. Cir. 1966)), *aff'd*, 876 F.3d 413 (2d Cir. 2017).

## I. THE AMENDED COMPLAINT DOES NOT ALLEGE ACTUAL MALICE

To prevail on his defamation claim, Robinson must demonstrate that CNN "made false, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation." *Griffin v. Holden*, 180 N.C. App. 129, 133, 636 S.E.2d

6

298, 302 (2006) (quoting *Smith-Price v. Charter Behavioral Health Sys.*, 164 N.C. App. 349, 356, 595 S.E.2d 778, 783 (2004)). Public figures, like Robinson, must also show that the allegedly defamatory statements were made with "actual malice"—*i.e.*, that CNN knowingly made a false statement about Robinson or made the statement with reckless disregard for the truth. *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279–80, 285–86 (1964); *see also Counterman v. Colorado*, 600 U.S. 66, 76 (2023) ("[A] public figure cannot recover for the injury [a defamatory] statement causes unless the speaker acted with 'knowledge that it was false or with reckless disregard of whether it was false or not.'") (quoting *Sullivan*, 376 U.S. at 280); *Carr v. Forbes, Inc.*, 259 F.3d 273, 283 (4th Cir. 2001); *Bowser v. Durham Herald Co.*, 181 N.C. App. 339, 341, 638 S.E.2d 614, 615 (2007).

Robinson, the Lieutenant Governor of North Carolina and former Republican nominee for Governor of North Carolina, is unquestionably a public figure. *See, e.g.*, *Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25, 34, 568 S.E.2d 893, 901 (2002) (Plaintiff "certainly qualifies as a public figure due to his candidacy for public office"); *Horne v. WTVR, LLC*, 893 F.3d 201, 207 (4th Cir. 2018) ("[T]he 'public official' designation applies 'at the very least to those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of government affairs.'") (quoting *Rosenblatt v. Baer*, 383 U.S. 75, 85 (1966)). "[C]andidates for public office must clear a high bar to make a defamation claim." *Russe v. Harman*, No. 1:21-CV-00270, 2023 WL 4497011, at *14 (W.D.N.C. July 12, 2023).

Robinson therefore must plausibly allege that CNN "realized that [its] statement was false or that [it] subjectively entertained serious doubt as to the truth of [its] statement." *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 511 n.30 (1984). This standard "requires 'much

7

more than a failure to exercise ordinary care.'" *Hatfill v. N.Y. Times Co.*, 532 F.3d 312, 325 (4th Cir. 2008). Moreover, recklessness "is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). Nor does it mean "ill will." *Harte-Hanks*, 491 U.S. at 666. The key consideration is whether CNN "*in fact* entertained serious doubts as to the truth of his publication." *Fairfax*, 2 F.4th at 293. "Proof of falsity" is simply "not enough." *Carr*, 259 F.3d at 282. Pleading actual malice is therefore an onerous task, and courts in this Circuit routinely grant motions to dismiss defamation claims for failure to adequately do so. *See, e.g.*, *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 273 (4th Cir. 2022) (affirming dismissal of defamation action for, among other pleading deficiencies, pleading only conclusory allegations and rejecting that actual malice was demonstrated by reliance on a "single, unreliable source"); *Fairfax*, 2 F.4th at 293 (affirming dismissal on actual malice grounds because, in part, the alleged failure to investigate and political motivation for the story does not demonstrate actual malice).

Here, the Amended Complaint contains insufficient facts to create a plausible inference that CNN acted with actual malice. Robinson unsuccessfully tries to allege actual malice in five ways. But none of these allegations—whether considered individually or taken together—satisfy Robinson's pleading requirement.

First, Robinson contends that actual malice is demonstrated through CNN's alleged "antipathy," "ill-will," and "desire to inflict harm." Am. Compl. ¶ 60. But, any alleged ill will on behalf of CNN cannot support a finding of actual malice. As the United States Supreme Court has explained, "the actual malice standard is not satisfied merely through a showing of ill will or 'malice' in the ordinary sense of the term." *Harte-Hanks*, 491 U.S. at 666; *see also Fairfax*, 2 F.4th at 295 (explaining that even if defendant "had a self-serving motive in pursuing the story,"

8

"that does not support an inference that [defendant] seriously doubted the truth" of the allegedly defamatory statements). Accordingly, "evidence of personal hostility does not constitute evidence of 'actual malice' under the standard set forth in *New York Times Co. v. Sullivan*." *Varner v. Bryan*, 113 N.C. App. 697, 704, 440 S.E.2d 295, 300 (1994).

Second, no alleged desire to "derail" Robinson's campaign for governor provides a basis for alleging actual malice.[3] Am. Compl. ¶¶ 39–40, 60. Courts consistently find that the "the motivations behind defendants' communications—inspired by political differences or otherwise—do not impact whether defendants acted with actual malice as a matter of law." *Arpaio v. Zucker*, 414 F. Supp. 3d 84, 92 (D.D.C. 2019); *see also Fairfax*, 2 F.4th at 294 (rejecting that an "alleged political motivation" can support a finding of actual malice, as "self-interest and politics motivate[] many news sources; if dealing with such persons were to constitute evidence of actual malice on the part of a reporter, much newsgathering would be severely chilled.") (internal quotation marks and citation omitted); *Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 716 (4th Cir. 1991) ("[M]any publications set out to portray a particular viewpoint or even to advance a partisan cause. Defamation judgments do not exist to police their objectivity."); *Dershowitz v. Cable News Network, Inc.*, 541 F. Supp. 3d 1354, 1370 (S.D. Fla. 2021) ("[A] defamation claim cannot rest on the argument that 'erroneous communications were motivated by differences in political opinions.'") (quoting *Arpaio v. Robillard*, 459 F. Supp. 3d 62, 66 (2020)).

Third, Robinson's allegation that CNN failed to conduct an investigation into the posts on Nude Africa is not sufficient to allege actual malice. This alleged failure, even if true and "even

---

[3] Robinson takes issue with the "timing" of the Article, both in its relationship to election day and to "another ludicrous and dubiously sourced" article in *The Assembly*. Am. Compl. ¶ 39. He has not, nor could he, allege that there is any connection between the CNN Article and *The Assembly* article.

9

when a reasonably prudent person would have done so, is not sufficient to establish reckless disregard." *Harte-Hanks*, 491 U.S. at 688. "[S]uch inaction rises to the level of actual malice only if it amounts to a 'purposeful avoidance of the truth.' This is not such a case." *Blankenship v. NBCUniversal, LLC*, 60 F.4th 744, 764 (4th Cir. 2023) (quoting *Harte-Hanks*, 491 U.S. at 692), *cert. denied*, 144 S. Ct. 5 (2023). To the contrary, as evinced in the Article, the CNN journalists conducted an extensive investigation. For example, CNN compared biographical data Robinson made publicly available—such as Robinson's residence, wedding anniversary, and Army service—to posts made by minisoldr on Nude Africa (years before he became a politician). ECF No. 1-6 at 7–8. Every data point matched up. The investigation also revealed that Robinson used the name minisoldr on a number of platforms, including Disqus, X, YouTube, and Amazon. *Id.* at 9. From information leaked online from Disqus in 2017, CNN was able to confirm that Robinson's minisoldr account on Disqus used the same email address as the minisoldr account on Nude Africa. It also discovered the same email address was used to leave reviews on Google for two local businesses that Robinson had later posted about on his public Facebook account. *Id.* at 9. CNN also compared the unique phrases used by and interests of minisoldr and Robinson. *Id.* at 9–10. Once again, there was a match. *Id.* This is hardly a case where, as Robinson alleges, CNN "disregarded or deliberately avoided the truth" rather than investigate. Am. Compl. ¶ 40. Besides, the Article mentions twice that Robinson denied posting on Nude Africa (ECF No. 1-6 at 2, 4)—a fact that "undercut[s] any inference of actual malice." *Lemelson v. Bloomberg L.P.*, 903 F.3d 19, 24 (1st Cir. 2018). Robinson's conclusory allegations, belied by the publication itself, are not enough to withstand a motion to dismiss.

Fourth, Robinson alleges that CNN's use of allegedly "unverifiable data" from a data breach used to connect Robinson to the minisoldr posts on Nude Africa demonstrates actual

10

malice. Am. Compl. ¶ 60. This argument is unconvincing on its face. Information sourced from a data breach—here, the username minisoldr and Robinson's email address—is not inherently "unverifiable."[4] Importantly, CNN disclosed that some information came from a data leak. That disclosure "may actually rebut a claim of malice." *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 274 (4th Cir. 2022) (citation omitted). Even assuming data from a breach is unverifiable, actual malice is not demonstrated simply because the journalist relied, in part, on "unverifiable" data to corroborate a portion of its investigation. *See Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 58 (1st Cir. 2012) ("That his complaint also alleged that the [defendants] passed on doing 'additional' legwork to verify the truth behind its statements does not change things."); *Talley v. Time, Inc.*, 923 F.3d 878, 903 (10th Cir. 2019) ("Courts have consistently held that reliance on tainted or troubled sources does not alone establish actual malice."). This is particularly true where, as here, CNN did far more than just rely on information from a data breach. Rather, CNN used the information it had obtained from the Disqus data breach (Robinson's email address and username) by separately linking the email to Robinson through Google reviews and the username to Robinson based on his profile on other platforms. ECF No. 1-6 at 9. And, as detailed above, CNN used other, independent, means to link Robinson to the Nude Africa posts, such as public biographical data and unique phrases. ECF No. 1-6 at 7–10. Based on all of the information CNN had gathered during its investigation, it had no reason to seriously doubt that Robinson was the author of the minisoldr Nude Africa posts. To allege otherwise is wishful pleading.

---

[4] Robinson also contends there were "multiple" data breaches that revealed his name, date of birth, passwords, and email address. Am. Compl. ¶ 30. The Amended Complaint is unclear what was breached and when, or how his name and data of birth could be "compromised" by a breach. Conclusory allegations such as this do not withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678.

Fifth, Robinson also complains CNN had "knowledge of exculpatory information and alternative explanations" that it omitted from the Article. Am. Compl. ¶ 60. The Amended Complaint, however, is unclear as to what information Robinson wished the Article had included. Conclusory allegations concerning's CNN's purported knowledge of these facts, however, is insufficient on its face. *Mayfield*, 674 F.3d at 378 (conclusory allegations of actual malice that are "a mere recitation of the legal standard" "is precisely the sort of allegations that *Twombly* and *Iqbal* rejected"). Furthermore, CNN did publish Robinson's denial and, moreover, is under no obligation to include Robinson's preferred facts, or his "alternative explanations" in its reporting.

Robinson's theory of actual malice as it pertains to "alternative" explanations and "exculpatory information" seems to be that CNN knew, or should have known, that someone other than Robinson posted the comments on Nude Africa. Am. Compl. ¶¶ 32–35 (noting the software used by Nude Africa is "easily exploited to plant malicious lies" and a hacker could "create" and "backdate" posts on the site). Under this theory, in the last four years since Robinson has burst on to the political scene, someone must have created an account on Nude Africa with the username minisoldr, added biographical information that matches Robinson, and listed Robinson's email address involved in the Disqus (or other) data breach. This bad actor then must have dug through Robinson's social media accounts to find phrases unique to Robinson and scoured the internet for posts on other platforms where Robinson revealed his interests and other facts about himself. Then, armed with all this information from across the internet, the Mark Robinson impersonator created posts on Nude Africa containing information such as Robinson's favorite "Twilight Zone" episode and phrases like "dunder head," and manufactured stories that align with Robinson's biographical details, like peeping at a Historically Black College and University, where Robinson's mother worked. Finally, the false Robinson poster somehow backdated every single

12

post examined by CNN to a date between 2008 and 2012. *See* ECF No. 1-6 at 2; Am. Compl. ¶¶ 32–35. This theory is not only implausible, it is ridiculous.

Even taken together, Robinson's theories of actual malice are insufficient. In *Brimelow v. New York Times Co.*, the plaintiff alleged that the *New York Times* acted with actual malice based on a litany of factors almost identical to those invoked here, including that it allegedly departed from accepted newsgathering standards, acted with ill will or a preconceived narrative, failed to investigate, and failed to act impartially. No. 21-66-CV, 2021 WL 4901969, at *2–3 (2d Cir. Oct. 21, 2021). The *Brimelow* court considered all of these factors in conjunction and concluded that they still did not add up to actual malice, ultimately holding there was "no combination of allegations from which one could plausibly infer that *[T]he Times* was purposely avoiding the truth in its reporting." *Id.* at *3. Here, as in *Brimelow*, Robinson's "combination of allegations" does not amount to actual malice, because the allegations do not speak to CNN's subjective awareness of the probable falsity of the Article.

Finally, the United States Supreme Court has held that, where the defendant in a defamation action is a publishing organization, the showing of actual malice must "be brought home to the persons in the . . . organization having responsibility for the publication." *Sullivan*, 376 U.S. at 287; *see also Fairfax*, 2 F.4th at 294. Thus, "[w]hen there are multiple actors involved in an organizational defendant's publication of a defamatory statement, the plaintiff must identify the individual responsible for publication of a statement, and it is that individual the plaintiff must prove acted with actual malice." *Dongguk Univ. v. Yale Univ.*, 734 F.3d 113, 123 (2d Cir. 2013). Here, Robinson fails to identify any specific individual at CNN with the relevant knowledge or awareness of falsity for each allegedly defamatory statement. He pleads only general allegations

13

about what CNN knew or did not know. *See* Am. Compl. ¶¶ 29–41. The Amended Complaint can be dismissed on this basis alone.

## CONCLUSION

For the foregoing reasons, Defendant CNN respectfully requests that the Court grant its motion to dismiss and dismiss the Amended Complaint with prejudice.

Dated: November 21, 2024

                MOORE & VAN ALLEN LLP

                */s/ Mark A. Nebrig*

                Mark A. Nebrig
                N.C. Bar No. 28710
                Kaitlin M. Price
                N.C. Bar No. 50941
                Moore & Van Allen LLP
                100 North Tryon Street
                Suite 4700
                Charlotte, NC 28202
                (704) 331-1000
                marknebrig@mvalaw.com
                kaitlinprice@mvalaw.com

                Kate Bolger (special appearance pending)
                Hilary Oran (special appearance pending)
                Davis Wright Tremaine LLP
                1251 Avenue of the Americas, 21st Floor
                New York, NY 10020
                (212) 489-8230
                katebolger@dwt.com
                hilaryoran@dwt.com

                *Attorneys for Defendant Cable News Network*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of November, 2024, I electronically filed the foregoing Memorandum in Support of Defendant CNN's Motion to Dismiss through the CM/ECF system and served copies on all parties by United States first class mail, by depositing same in an official U.S. Postal depository, postage prepaid, and addressed to counsel as follows:

>Anthony J. Biller
>Envisage Law
>2601 Oberlin Road, Suite 100
>Raleigh, NC 27608
>ajbiller@envisage.law
>
>Jesse R. Binnall
>Jason C. Greaves
>Binnall Law Group, PLLC
>717 King Street, Suite 200
>Alexandria, VA 22314
>jesse@binall.com
>jason@binall.com
>
>*Counsel for Plaintiff*
>
>Andrew L. Fitzgerald
>D. Stuart Punger, Jr.
>Fitzgerald Hanna & Sullivan, PLLC
>119 Brookstown Avenue, Suite 402
>Winston-Salem, NC 26101
>andy@fhslitigation.com
>stuart@fhslitigation.com
>
>Peter D. Zellmer
>Peter D. Zellmer, PLLC
>421 N. Edgeworth Street
>Greensboro, NC 27401
>Peter.Zellmer@zellmerlegal.com
>
>*Counsel for Defendant Louis Love Money*

>>*/s/ Mark A. Nebrig*
>>Mark A. Nebrig

15