IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-644-FL

MARK KEITH ROBINSON,

*Plaintiff,*

v.

CABLE NEWS NETWORK, INC. et al.,

*Defendants.*

**BRIEF IN SUPPORT OF MOTION TO REMAND CASE TO STATE COURT**

Defendant CNN's notice of removal fails for both procedural and substantive reasons. Procedurally, CNN failed to comply with the strict requirements of 28 U.S.C. § 1446 and well-settled Fourth Circuit case law by not representing *unambiguous* consent from Defendant Money for removal. Substantively, in its attempt to claim that Lt. Gov. Robinson has no possible state law claim against Defendant Money, CNN ignores the applicable standard of review and takes the untenable position that a *deliberate fabrication* by Money is not enough to show actual malice. While it is common for a news organization like CNN to avoid liability for the false statements of its sources under the actual malice standard, the source himself who fabricates something within his knowledge can seek no such refuge. Defendant Money did not repeat something he heard. He made it up himself.

Put simply, there is no fraudulent joinder, there is no complete diversity, and this Court must remand the case back to state court. Because CNN has no colorable

claim for removal, the Court should award reasonable attorneys' fees to Plaintiff for having to file and argue this motion.

**STANDARD OF REVIEW**

The propriety of removal and claims of fraudulent joinder are matters of subject matter jurisdiction for this Court, reviewable de novo. *Mayes v. Rapoport*, 198 F.3d 457, 460 (4th Cir. 1999).

> [B]ecause removal of a civil action from state court is an infringement on state sovereignty, the statutory provisions regulating removal must be strictly applied and failure to comply with those provisions generally constitutes an adequate ground for remand to state court.

*Parker v. Johnny Tart Enterprises, Inc.*, 104 F. Supp. 2d 581, 583 (M.D.N.C. 1999). On motion for remand, the party seeking to preserve removal bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cit. 1994); *John S. Clark Co. v. Travelers Indem. Co. of Illinois*, 359 F. Supp. 2d 429, 435 (M.D.N.C. 2004). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151.

In claims by defendant—such as this one—of fraudulent joinder, the burden is "heavy." *Mayes*, 198 F.3d at 460; *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir. 1993). "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor," and "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Marshall*, 6 F.3d at 232–33. "This standard is even more favorable to the plaintiff than the standard for ruling on

a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999).

## ARGUMENT

### I. CNN has not established unambiguous consent to removal from Defendant Money.

CNN's ambiguous statement in its Notice of Removal that "[t]his notice is filed with the consent of all Defendants" is inadequate to satisfy the unanimity requirement for removal. *See* ECF No. 1 at ¶ 62; *Mayo v. Board of Educ. Of Prince George's County*, 713 F.3d 735, 742 (4th Cir. 2013). The Fourt Circuit requires the unanimous consent of all defendants to removal, which must be represented "unambiguously." *Mayo*, 713 F.3d at 742. Because of the "significant federalism concerns" raised by removal, such a representation must be "strictly construed" by this Court. *See Travelers*, 359 F. Supp. 2d at 435.

In *Mayo*, the Fourth Circuit established the standard for establishing unanimous consent to removal, clarifying that each defendant was not required to individually file motions for removal or statements of consent, unlike in the Seventh Circuit. *Mayo*, 713 F.3d at 741–42. The holding in *Mayo*, however, does require a signed representation by at least one removing party "representing *unambiguously* that the other defendants consent to the removal." *Id.* at 742 (emphasis added). In *Mayo*—as in every other district court in North Carolina to apply the *Mayo* standard—the representation of consent was indeed unambiguous. *See id.* at 739; *see also Maiani v. Wells Fargo Bank, N.A.*, No. 5:22-cv-10-M, 2022 WL 3999963, *2 (E.D.N.C. Sept. 1, 2022); *Gregory v. Bruce*, No. 1:15-cv-996, 2016 WL 4491723, *3

(M.D.N.C. Aug. 25, 2016) (report and recommendation adopted in relevant part); *Moehring v. Mortgage Electronic Registration Systems, Inc.*, No. 3:13-cv-567-MOC-DSC, 2014 WL 1091071, *7 (W.D.N.C. Mar. 17, 2014). The removing defendant in *Mayo* represented in its notice of removal that the co-defendant "had been consulted and had 'agree[d] with the removal of this action to federal court.'" *Mayo*, 713 F.3d at 739.

The representations of unanimous consent addressed by North Carolina district courts, and found to be sufficient under the *Mayo* standard, have been similarly unambiguous. In *Maiani*, the notice of removal stated that all defendants "consent to the removal of this action." *Maiani*, 2022 WL 3999963 at *2. In *Gregory*, the notice of removal stated that "Penske and Bruce, as the only other Defendants to this action, have expressly consented to removal." *Gregory*, 2016 WL 4491723 at *3. In *Moehring*, the notice of removal "included a clear statement that all Defendants joined in removal." *Moehring*, 2014 WL 1091071 at *7.

By contrast, the statement made in CNN's notice of removal is ambiguous. It says only that "[t]his notice is filed with the consent of all Defendants." ECF No. 1 at ¶ 62. This could have multiple meanings. It *could* mean that Defendant Money consented to removal of the proceedings to federal court and that he was joining CNN in seeking removal. Notably, it does not expressly so state, as the notices did in *Mayo*, *Maiani*, *Gregory*, and *Moehring*. It could also mean—as it is written—that Money simply consented to the *filing* of CNN's notice. Those two meanings are not interchangeable, and unlike in *Mayo*, Defendant Money did not include any

clarification or affirmation of consent in his subsequently filed briefs. *See Mayo*, 713 F.3d at 739; ECF Nos. 12 and 16. Where there is any doubt, as here, the Court must apply the requirements strictly and err on the side of remand. *See Mulcahey*, 29 F.3d at 151; *Travelers*, 359 F. Supp. 2d at 435.

## II. CNN cannot establish fraudulent joinder because Lt. Gov. Robinson has a valid state law claim against Defendant Money.

CNN cannot ignore, much less overcome, its heavy burden to show fraudulent joinder of Defendant Money. Because Lt. Gov. Robinson asserts a valid defamation claim against Money, there is no complete diversity. Fraudulent joinder is a judicially created doctrine allowing a district court to ignore the citizenship of a non-diverse defendant for jurisdictional purposes, dismissing them from the case, and retaining diversity jurisdiction. *Mayes*, 198 F.3d at 461. Under the Fourth Circuit's "heavy burden"—even heavier than the 12(b)(6) standard—all issues of law and fact must be resolved in favor of Lt. Gov. Robinson, and he need only assert a *possibility* of a right to relief against Money. *See Mayes*, 198 F.3d at 464; *Marshall*, 6 F.3d at 232–33.

In its attempt to establish fraudulent joinder, CNN asserts that Lt. Gov. Robinson has no possibility of success in his defamation claim against Money, and in doing so, argues the underlying facts and law—essentially claiming that Defendant Money *should* win a motion to dismiss—while ignoring the standard of review: that issues of fact *and law* must be resolved in favor of Lt. Gov. Robinson.[1] *See Mayes*, 198

[1] CNN's failure to acknowledge the Fourth Circuit's heavy burden that all issues of fact and law resolve in favor of Lt. Gov. Robinson, is made more egregious by its

F.3d at 464; *Marshall*, 6 F.3d at 232–33. As explicitly stated in *Marshall*, "a claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Marshall*, 6 F.3d at 233. In this case, Lt. Gov. Robinson has asserted a valid defamation claim against Money that not only has a possibility (indeed, likelihood) of success, but is related to the defamation claim against CNN.

**a. Lt. Gov. Robinson properly alleges actual malice against Defendant Money**

CNN's position—that an allegation of deliberate fabrication by a person with actual knowledge of falsity is not enough to show actual malice—strains credulity. This is not a situation where a third-party is reporting on what they heard from someone else. As alleged in the Amended Complaint, Defendant Money is a first-party. He was directly acquainted with Lt. Gov. Robinson with actual knowledge of the facts and circumstances of their acquaintance. As further alleged in the Amended Complaint—and taken as true for the purposes of this motion—Defendant Money's first-hand descriptions of his interactions with Lt. Gov. Robinson in the music video and the Assembly Article are false. CNN may be accustomed to avoiding defamation liability for false statements of its sources under the *New York Times* actual malice standard, but Money cannot escape liability for his own fabrications.

The recent Fourth Circuit case of *Fairfax v. CBS Corporation* is a prime example of this distinction. *See Fairfax v. CBS Corp.*, 2 F.4th 286 (4th Cir. 2021). In

---

citation to non-binding and out-of-district cases to suggest a less rigid burden. *See* ECF No. 1 at ¶ 27.

that case, CBS published interviews with two women who accused Virginia's Lieutenant Governor, Justin Fairfax, of sexual assault. *Id.* at 289. While Lt. Gov. Fairfax admitted to having sexual encounters with both women, he maintained that they were fully consensual. *Id.* at 290. CBS escaped liability under the actual malice standard because Lt. Gov. Fairfax, a public figure, failed to allege facts showing that CBS knew (or had a "high degree of awareness") that the allegations were false or that it recklessly disregarded the truth. *Id.* at 292–96.

The result of *Fairfax* would have undoubtedly been different if Lt. Gov. Fairfax had sued the two women who accused him of sexual assault. Those women, like Defendant Money in the case at bar, were parties to the events they described, and would *necessarily* have actual knowledge of falsifying them. Pointing this out is not a "conclusory" allegation or a "subjective assessment of motivations," as claimed by CNN, and none of CNN's cited cases address such an accusation of knowing falsity against a first-party for their description of events. *See* ECF No. 1 at ¶ 40; *see also* *Dempsey v. Halford*, 183 N.C. App. 637, 639, 641, 645 S.E.2d 201, 204–05 (2017) (dealing with an allegation that defendant deliberately misconstrued something plaintiff admitted to saying), and *Wynn v. Tyrrell Cnty. Bd. of Educ.*, 253 N.C. App. 658, 799 S.E.2d 286, *1 (dealing with a vague claim for defamation that failed to allege the statements or to whom they were made).

CNN's reliance on case law about ill will being insufficient to prove actual malice is a red herring. *See* ECF No. 1 at ¶¶ 36–38. While ill will is relevant to the actual malice inquiry and to punitive damages, Lt. Gov. Robinson does not dispute

that ill will, standing alone, is not sufficient to establish actual malice. *See Cannon v. Peck*, 36 F.4th 547, 568 (4th Cir. 2022). Unfortunately for CNN, Lt. Gov. Robinson does not rely solely on ill will. Regardless, CNN's conclusory and self-serving assertions that Defendant Money's statements appeared to show "genuine affection" rather than ill will, are disputes of fact that must resolve in Lt. Gov. Robinson's favor.

More importantly, evaluating whether Lt. Gov. Robinson has made sufficient allegations of actual malice not only requires evaluations of fact, but also of law. In a claim for fraudulent joinder, as here, those questions must resolve in favor of Lt. Gov. Robinson. *See Mayes*, 198 F.3d at 464; *Marshall*, 6 F.3d at 232–33.

**b. Lt. Gov. Robinson properly alleges defamatory statements.**

CNN stakes out yet another untenable position by asserting Money's false statements—that Lt. Gov. Robinson spent every night, for hours on end, even until 4:00 a.m., hanging out at an adult video store, and spending thousands of dollars of his family's money on private booth viewings and "bootleg" adult videos too explicit to sell in North Carolina—cannot *possibly* be defamatory. Not only does CNN skim over key allegations to reach this conclusion, but it ignores the context and the implications that make the statements defamatory per se.

A prima facie case for defamation in North Carolina must allege that a defendant made false, defamatory statements of or concerning the plaintiff, published to a third person, and that they caused injury to the plaintiff's reputation. *Cannon*, 36 F.4th at 559. "Generally, a communication is deemed defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community

or to deter third persons from associating or dealing with him." *Id.* (quoting Restatement (Second) of Torts § 559 (1977)). There is no question that Lt. Gov. Robinson has alleged publication, falsity, and injury.

Whether Money's statements are defamatory per se requires evaluation of whether they "tend to disgrace and degrade [him] or hold him up to public hatred, contempt or ridicule, or cause him to be shunned and avoided." *See id. at 560* (quoting *Renwick v. News & Observer Publ'g Co.*, 310 N.C. 312, 312 S.E.2d 405, 408 (1984)); *Renwick*, 312 S.E.2d at 409 (holding that two of the four types of defamation per se are statements that (1) tend to impeach a person in their trade or profession or (2) tend to subject them to ridicule, contempt or disgrace). This, again, is a question of law that must resolve in Lt. Gov. Robinson's favor. *See Mayes*, 198 F.3d at 464; *Marshall*, 6 F.3d at 232–33.

The Fourth Circuit in *Cannon* recognized that defamatory statements must be viewed in their "full context" and be interpreted "as ordinary people would understand them." *Cannon*, 36 F.4th at 564 (internal quotations omitted). *Cannon* further recognized that certain allegations can be particularly damaging to people in particular professions. *Id.* at 563–64 (collecting cases).

A significant fact in this case is that Lt. Gov. Robinson was running for governor as a Republican at the time of the defamatory statements, on a platform of family values and education. *See* Am. Compl. ¶¶ 12, 21. Common sense dictates that accusations of being obsessed with pornography to the point of squandering his family's limited resources on hundreds of "bootleg" porn videos and spending every

night, into the early morning hours, in an adult video store rather than with his family. It is not simply the allegation of having viewed pornographic material that makes Money's statements defamatory—it is the abnormal and degenerate quality and quantity of Money's allegations, suggesting not just sexual deviancy, but financial and familial irresponsibility, which tend to disgrace and degrade Lt. Gov. Robinson, and to lower him in the estimation of his community. This is especially so because he held and was running for a public office of trust and high responsibility.

As previously discussed, because the defamatory import of Money's statements is an issue of law, in this motion for remand the Court must resolve it in Lt. Gov. Robinson's favor. He need only state a possibility of a right to relief, which he has done, regardless of whether he ultimately succeeds in that claim. *See Mayes*, 198 F.3d at 464; *Marshall*, 6 F.3d at 232–33.

#### c. CNN cannot rely on a legal dispute over North Carolina Rule 8(a)(2).

CNN again ignores its heavy burden by arguing the underlying legal dispute over North Carolina Rule of Civil Procedure 8(a)(2). As held by the Fourth Circuit in *Mayes* and *Marshall*, all issues of fact *and law* resolve in favor of the party seeking remand. *Mayes*, 198 F.3d at 464; *Marshall*, 6 F.3d at 232–33. Therefore, this issue cannot support CNN's argument for fraudulent joinder.

## III. The claims against CNN and Defendant Money are related.

Inclusion of Money and CNN in the Amended Complaint fully complies with the requirements of permissive joinder because CNN's and Money's false statements

constitute a "series of transactions." *See* Fed. R. Civ. P. 20(a); *Travelers*, 359 F. Supp. 2d at 436. This further undermines CNN's claim of fraudulent joinder.

"In construing the Federal Rules of Civil Procedure, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Travelers*, 359 F. Supp. 2d at 437 (quotations omitted). "Federal Rule of Civil Procedure 20(a)'s requirement that claims asserted against joined parties arise out of the same transaction or occurrence permits all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Id.* at 438 (internal quotations omitted) (citing *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983)).

> An absolute identity of all events is not necessary for permissive joinder and courts must construe Federal Rule of Civil Procedure 20(a) "in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."

*Id.* (quoting *Advamtel, LLC v. AT&T Corp.*, 105 F. Supp. 2d 507, 514 (E.D. Va. 2000)).

In *Courthouse News Services v. Schaefer*, the Fourth Circuit upheld a joinder of two separate Virginia Circuit Court Clerks, from separate counties, who were alleged to have hindered the plaintiff's right to access separate public records. 2 F.4th 318, 322, 325 (4th Cir. 2021). Because the separate causes of action were close in time, the defendants were similarly situated, and plaintiff would utilize similar arguments of law, the court found that the joinder standard was met. *See id.*

In *Dillon v. BMO Harris Bank, N.A.*, the Middle District of North Carolina found that a series of admittedly independent transactions, that formed the bases for separate causes of action, were close enough in time, subject matter, and evidence to

be considered a "series of transactions" for the purposes of Rule 20(a). 16 F. Supp. 3d 605, 616 (M.D.N.C. 2014). The court also considered the "substantial overlap of legal and factual issues," and that keeping the matters together promoted judicial economy. *Id.*

Similarly, in this case, the claims against CNN and Money are logically related. They are close in time and subject matter. The false allegations from CNN and Money, directly and by implication, both suggest that Lt. Gov. Robinson is a sexual deviant. The statements from CNN and Money were both impeccably timed and designed to coincide with the election in November of 2024 and similarly calculated to damage his ability to be elected. CNN even helped to spread Money's allegations by referencing and providing a hyperlink to the Assembly Article in its own publication, vastly expanding the reach of Money's defamatory statements. Finally, Lt. Gov. Robinson will have to make similar legal arguments about defamation, actual malice, and damages against both defendants.

The false statements of CNN and Money constitute a series of related transactions under the Federal Rules, trying both claims together promotes judicial economy, and it was not fraudulent joinder for Lt. Gov. Robinson to include both in his Amended Complaint. For these reasons, and because CNN cannot meet the heavy burden of establishing that there is *no possibility* of Lt. Gov. Robinson recovering against Money, this Court must remand this case back to the state court.

## IV. CNN should pay Lt. Gov. Robinson's reasonable attorneys' fees.

CNN ignored the applicable standard of review and failed to make a colorable argument that Defendant Money was fraudulently joined in this action, requiring remand back to the state court. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Bad faith is not required to enter an award of fees. *Travelers*, 359 F. Supp. 2d at 442.

CNN's notice of removal is woefully insufficient. Even ignoring the procedural deficiency of not establishing unanimous consent, CNN ignored key holdings from controlling authority about the standard for establishing fraudulent joinder. Instead of addressing the applicable standard, CNN cited irrelevant and non-binding case law to suggest a lighter standard and proceeded to make a 12(b)(6) argument on behalf of Defendant Money. As discussed above, the *possibility* of the defamation claim against Money being dismissed in state court does *not* establish that there is "no possibility" of a valid state law claim against him. Moreover, as discussed, CNN takes untenable positions as to the sufficiency of alleging actual malice against Defendant Money and the defamatory sting of his statements. Wherefore, this Court should award reasonable attorneys' fees to Lt. Gov. Robinson for having to seek remand.

## CONCLUSION

CNN has not established the heavy burden of showing fraudulent joinder. For the reasons stated above, Lt. Gov. Robinson respectfully requests that this court

grant his motion for remand and that it award reasonable attorneys' fees incurred in bringing this motion.

Dated: December 16, 2024

Respectfully submitted,

*/s/ Jason C. Greaves*
Jason C. Greaves
(by special appearance)
Jesse R. Binnall
(by special appearance)
BINNALL LAW GROUP
717 King Street
Suite 200
Alexandria, VA 22314
T: (703) 888-1943
F: (703) 888-1930
E: jason@binnall.com
jesse@binnall.com
*Attorneys for Plaintiff*

*/s/ Anthony J. Biller*
Anthony J. Biller
ENVISAGE LAW
NC State Bar No. 24,117
2601 Oberlin Road, Suite 100
Raleigh, NC 27608
T: (919) 715-1317
F: (919) 782-0452
E: ajbiller@envisage.law
*Local Civil Rule 83.1(d) Attorney for Plaintiff*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(f)(3)**

I certify that this memorandum complies with the word and page limits pursuant to Local Rule 7.2(f)(2)–(3). The word count on this memorandum is 3,694.

*/s/ Jason C. Greaves*
Jason C. Greaves
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on December 16, 2024, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

*/s/ Jason C. Greaves*
Jason C. Greaves

*Attorney for Plaintiff*