IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-644-FL

MARK KEITH ROBINSON,

    *Plaintiff,*

v.

CABLE NEWS NETWORK, INC. et al.,

    *Defendants.*

**PLAINTIFF MARK KEITH ROBINSON'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CNN'S MOTION TO DISMISS**

    CNN rushed to attribute vile and bizarre comments to Lt. Gov. Robinson in its article, despite his denial and multiple indicators of unreliability in the data upon which it relied. It did so for sensationalist and spiteful purposes, to ruin Lt. Gov. Robinson's reputation with the gubernatorial election mere weeks away. Lt. Gov. Robinson has alleged multiple facts and circumstances that would support a finding of CNN's reckless disregard for truth, even under the clear and convincing evidence standard. At this stage, on a motion to dismiss, this is more than sufficient to allow this case to proceed to discovery, where Lt. Gov. Robinson will have the chance to further develop the record and restore his good name.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) tests whether a complaint states "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). To survive a 12(b)(6) motion, a complaint need only plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When resolving a motion to dismiss, the Court does not resolve factual disputes; rather, when a complaint states well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The Court is "required to accept all well-pleaded allegations of [plaintiff's] complaint as true and draw all reasonable factual inferences in his favor." *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014). In essence, a complaint must survive dismissal if it raises "more than a sheer possibility that a defendant has acted unlawfully." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

## ARGUMENT

### I. Plaintiff Stated a Claim for Defamation.

In North Carolina, "to recover for defamation, a plaintiff generally must show that the defendant caused injury to the plaintiff by making false, defamatory statements of or concerning the plaintiff, which were published to a third person." *Desmond v. News and Observer Publ'g Co.*, 375 N.C. 21, 41, 846 S.E.2d 647, 661 (2020) (citation omitted). The United States Supreme Court further requires a public

2

figure to "prove[ ] that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964)). Lt. Gov. Robinson must show actual malice under the heightened evidentiary standard of clear and convincing evidence. *See New York Times*, 376 U.S. at 285–86. CNN solely challenges the allegations of actual malice in its motion to dismiss.

The actual malice standard does not afford the press "absolute immunity in its coverage of public figures." *Harte-Hanks Communications, Inc. V. Connaughton*, 491 U.S. 657, 688 (1989). As recognized by the Supreme Court in *Gertz*:

> The need to avoid self-censorship by the news media is, however, not the only societal value at issue. If it were, this Court would have embraced long ago the view that publishers and broadcasters enjoy an unconditional and indefeasible immunity from liability for defamation.

*Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 341. "Moreover, while the clear and convincing evidentiary standard is more stringent than the preponderance of the evidence standard, it is not an insurmountable burden." *Desmond*, 375 N.C. at 65. Under North Carolina law, if the record would support a finding of negligence or actual malice, "the question must be submitted to the jury." *Id.* at 64–65. In *Desmond*, the defendant argued that the defamation claim should not have been submitted to the jury because the plaintiff, a public figure, did not present clear and convincing evidence of actual malice. *Id.* at 41. The North Carolina Supreme Court examined the record, explaining how the combination of the evidence was "sufficient for the jury to find by clear and convincing evidence that defendants published the statements with actual malice." *Id.* at 64. The court noted that "[c]ertainly, the jury could have found

3

that false and defamatory statements published in the 14 August and 31 December Articles were the result of a significant pattern of negligence on the part of defendants that fell short of actual malice." It concluded though, that "[w]here, however, the record would support [negligence or actual malice], the question must be submitted to the jury." *Id.* at 64–65. The court relied on *Time, Inc. v. Hill*, where the United States Supreme Court held "that where a result of either negligence or actual malice 'finds reasonable support in the record it is for the jury, not for this Court, to determine whether there was knowing or reckless falsehood.'" *Id.* at 65 (quoting *Time, Inc. v. Hill*, 385 U.S. 374, 394 n.11 (1967)). While the procedural posture here is different, Lt. Gov. Robinson has alleged facts that would support a finding of actual malice, which should proceed to discovery for further development and, if supported by the evidence, submitted to a jury "to determine whether there was knowing or reckless falsehood," precluding CNN's requested relief.

As courts have held, "circumstantial evidence can prove whether a defendant made allegedly defamatory statements with actual malice." *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-cv-18, 2018 WL 11411207, at *9 (E.D.N.C. Oct. 29, 2018) (citing *Harte-Hanks*, 491 U.S. at 668). Lt. Gov. Robinson's Amended Complaint provides sufficient circumstantial evidence showing actual malice.

First, "[a]ctual malice may be proved by showing: 'evidence of ill-will or personal hostility on the part of the declarant.'" *Barker v. Kimberly-Clark Corp.*, 136 N.C. App. 455, 461 (2000) (quoting *Clark v. Brown*, 99 N.C. App. 255, 263, cert. denied, 327 N.C. 426, 395 S.E.2d 675 (1990)). The Fourth Circuit has further

4

indicated that failure to adhere to a retraction demand or denial may be considered as evidence of actual malice. *See Rassam v. Yousef*, 92 F.3d 1181 (Table), 1996 WL 442897, at *3 (4th Cir. Aug. 7, 1996).

Here, prior to CNN publishing its defamatory article, CNN reached out to Lt. Gov. Robinson for comment containing allegations regarding certain comments on a pornography website, NudeAfrica. Am. Compl. at ¶ 29. Lt. Gov. Robinson responded entirely denying CNN's allegations. *Id.* at ¶ 29. Still, CNN pressed forward, publishing the article. *Id.* at ¶ 30. After CNN published the subject article, Lt. Gov. Robinson sent two retraction demands to CNN, again informing it of the inaccuracies in its reporting, and CNN refused to retract the article. *Id.* at ¶ 37. CNN did this because it is a politically left-wing outlet that opposes conservative candidates for office such as Lt. Gov. Robinson. *Id.* at ¶ 41. CNN published the subject article intending to damage Lt. Gov. Robinson's gubernatorial run. *Id.* The Amended Complaint also alleges many indicators of unreliability that CNN ignored in its reporting, including CNN's reliance on dark-web data and the publicly available information on the vulnerabilities of the NudeAfrica website that would make it vulnerable to manipulation. *Id.* at ¶¶ 30–35. Despite these issues, CNN proceeded to make the scandalous allegation that Lt. Gov. Robinson was the author of the alleged NudeAfrica posts without even contacting the owner of the website to verify the data. *See id.* at ¶ 31. These are all indicators of CNN's reckless disregard for truth.

CNN argues that its alleged ill-will and motivations are insufficient to show actual malice. Dkt. No. 9 at 8–9. While either of these may not be sufficient on its

5

own for showing actual malice, North Carolina courts certainly find it relevant in an actual malice analysis. *Barker*, 136 N.C. App. at 461 (quoting *Clark*, 99 N.C. App. at 263). It is the combination of CNN's ill-will and motivations, as well as other factors, as discussed below, that illustrates CNN's actual malice.

Additionally, courts may make a finding of actual malice where the defendant published the statements "with a high degree of awareness of [the statements'] probable falsity." *Barker*, 136 N.C. App. at 461 (quoting *Clark*, 99 N.C. App. at 263). Here, CNN received unverified and unverifiable data from a vulnerable website (NudeAfrica) on hacked, data breach files obtained from the dark web. Am. Compl. at ¶ 30.[1] CNN was aware that NudeAfrica utilized a vulnerable an outdated, which was even hacked in 2018. *Id.* at ¶ 32. CNN was aware that NudeAfrica utilized a forum software released 18 years ago and is vulnerable to exploitation and manipulation such as database manipulation, user impersonation, threat integration, timestamp manipulation, content generation, and log manipulation. Am. Compl. at ¶ 33. CNN was aware that Lt. Gov. Robinson's personal information, including his passwords and email addresses, had been hacked. *Id.* at ¶ 30. Thus, anyone could have created an account on NudeAfrica using Lt. Gov. Robinson's information. *Id.* And after CNN published the subject article, NudeAfrica completely scrubbed the subject posts and account making the posts from its site. *Id.* at ¶ 38. Contrary to CNN's argument that

---

[1] "[R]ecklessness may be found where there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports." *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968).

6

these are conclusory allegations, this information was publicly available, and it is a reasonable inference, at the pleading stage, that CNN was aware of the information before publishing its lies. Dkt. No. 9 at 12.

Still, with all this knowledge of issues in its report, "rather than conduct any kind of serious investigation or digital forensics on these supposedly decade-old posts" on NudeAfrica, "or even question the timing for their surfacing all-of-a-sudden," CNN recklessly attributed the posts to Lt. Gov. Robinson. *Id.* at ¶ 40. CNN did not even contact the owner of NudeAfrica. *Id.* ¶ 31. Simply put, the evidence was that CNN's statements were probably false, but CNN published them, regardless. While CNN may argue that it performed adequate due diligence, Lt. Gov. Robinson has alleged facts to support serious problems with their investigation and avoidance of truth, and therefore, whether CNN knowingly or recklessly attributed the statements to Lt. Gov. Robinson is a question of fact that must be resolved in favor of Lt. Gov. Robinson under the standard of review for a motion to dismiss.

Finally, courts may find actual malice where the allegations are so inherently improbable that they are reckless. *See St. Amant*, 390 U.S. at 732 (holding that a publisher will be unlikely to prevail on an actual malice defense where the "publisher's allegations are so inherently improbable that only a reckless man would have put them in circulation."). Here, the idea that Lt. Gov. Robinson would post such egregious statements falls into this category. CNN's allegations are only those that a reckless man would make, illustrating its actual malice.

In sum:

> Defendant CNN acted with actual malice and reckless disregard for the truth, as demonstrated by Defendant's antipathy, ill-will, and desire to inflict harm on Lt. Gov. Robinson, CNN's actual knowledge of the dubious nature and timing of the allegations, its use of unverifiable data to corroborate its reporting, its reckless failure to investigate, and its knowledge of exculpatory information and alternative explanations that it deliberately omitted from the CNN Article.

Am. Compl. at ¶ 60. The combination of the above is sufficient to allege CNN's actual malice at the pleading stage. Where a finding of actual malice is supported by the record, it is for the jury "to determine whether there was knowing or reckless falsehood." *Desmond*, 375 N.C. at 65 (quoting *Time, Inc.*, 385 U.S. at 394 n.11).

CNN additionally argues that Lt. Gov. Robinson has not alleged the identity of the author at CNN of the subject article, and that he was required to individually allege that person's actual malice. Dkt. No. 9 at 13–14. This is not a correct interpretation of the law. In *Dongguk Univ. v. Yale Univ.*, on which CNN relies for this argument, the court was referring to instances where the identity of the person who published the statements was unknown. *Id.* at 13; *Dongguk Univ. v. Yale Univ.*, 734 F.3d 113, 124 n.2 (2d Cir. 2013). Here, the identity of the authors, Andrew Kaczynski and Em Steck, are prominently displayed on the subject article. Dkt. No. 1.6 at 1.

Accordingly, each of CNN's arguments fail. Lt. Gov. Robinson has plead sufficient facts and circumstantial evidence to show that CNN's actual malice. As Chief Justice Warren observed, "[f]reedom of the press under the First Amendment does not include absolute license to destroy lives or careers." *Curtis Pub. Co. v. Butts*,

8

388 U.S. 130, 170 (1967) (Warren, C.J., concurring). CNN is not protected from its knowing or reckless lies about Lt. Gov. Robinson. Therefore, Lt. Gov. Robinson respectfully requests that this Court deny Defendant CNN's motion to dismiss.

## II. The judicially created actual malice standard should be rejected.

While Lt. Gov. Robinson has alleged sufficient facts and circumstances to overcome the heightened standard of actual malice—created out of whole cloth by the United States Supreme Court in *New York Times Co. v. Sullivan*—it should not apply regardless. Understanding that *New York Times* and its progeny are controlling authority on this Court, the actual malice standard—almost entirely removing accountability for truth from the press—is found nowhere in the Constitution or the First Amendment, and it should be overturned.

The actual malice standard, while promulgated as a supposed safeguard against chilling free speech about public figures—and even non-public figures when the subject matter is of public concern—has been a disaster for public discourse in the United States. It removes nearly any consequence for lying about or spreading lies about a person, simply because they are well known, on the theory that a well-known person can effectively combat the lie. This is utterly disproven by the massive number of people who continue to believe proven falsehoods and conspiracy theories about public figures spread in the press, both by Left and Right-wing outlets. This lack of accountability and consequent distrust by the public leads to a positive feedback loop: consumers of news stratify to outlets that cater to their preconceived notions, distrusting anything said by "the other side," which then incentivizes the

9

news outlets to increasingly cater to "their side," further exacerbating the distrust of those on the other side.

The Supreme Court should take notice of the mess it has created and reverse this error. It should recognize that the importance of criticizing public figures in the press demands *equal,* not less, accountability to criticisms of private figures.

## CONCLUSION

CNN deliberately or recklessly attributed statements to Lt. Gov. Robinson that he did not say. It did so to taint his good name, built over the course of a lifetime. Viewing all facts and reasonable inferences in the Amended Complaint as true and in the light most favorable to Lt. Gov. Robinson, he has sufficiently plead a claim for defamation against CNN. Accordingly, Lt. Gov. Robinson respectfully requests that this Court deny Defendant CNN's motion in its entirety.

Dated: December 19, 2024  Respectfully submitted,

/s/ *Jason C. Greaves*
Jason C. Greaves
(by special appearance)
Jesse R. Binnall
(by special appearance)
BINNALL LAW GROUP
717 King Street
Suite 200
Alexandria, VA 22314
T: (703) 888-1943
F: (703) 888-1930
E: jason@binnall.com
   jesse@binnall.com
*Attorneys for Plaintiff*

*/s/     Anthony J. Biller*
Anthony J. Biller
ENVISAGE LAW
NC State Bar No. 24,117
2601 Oberlin Road, Suite 100
Raleigh, NC 27608
T: (919) 715-1317
F: (919) 782-0452
E: ajbiller@envisage.law
*Local Civil Rule 83.1(d) Attorney for Plaintiff*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(f)(3)

I certify that this memorandum complies with the word and page limits pursuant to Local Rule 7.2(f)(2)–(3). The word count on this memorandum is 2,510.

/s/ Jason C. Greaves
Jason C. Greaves
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on December 19, 2024, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ *Jason C. Greaves*
Jason C. Greaves

*Counsel for Plaintiff*