IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:24-cv-00644-FL

MARK KEITH ROBINSON,

                Plaintiff,

v.

CABLE NEWS NETWORK, INC.,
LOUIS LOVE MONEY,

                Defendants.

**CABLE NEWS NETWORK INC.'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................1

STATEMENT OF FACTS .....................................................................2

ARGUMENT .......................................................................................2

I.  REMOVAL IS PROPER BECAUSE MONEY WAS FRAUDULENTLY JOINED................................................................................2

II.  THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER......................................3

III.  ROBINSON MISSTATES THE STANDARDS FOR FRAUDULENT JOINDER .........5

IV.  ROBINSON DOES NOT SUFFICIENTLY ALLEGE HIS DEFAMATION CLAIM....................................................................................9

    A.  ROBINSON DOES NOT ALLEGE MONEY ACTED WITH ACTUAL MALICE ...............................................................9

    B.  THE STATEMENTS ARE NOT DEFAMATORY............................................12

    C.  ROBINSON'S VIOLATION OF RULE 8(A)(2) SUPPORTS REMOVAL .......13

V.  ROBINSON IS NOT ENTITLED TO ATTORNEY'S FEES ..........................................14

CONCLUSION....................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*,
    903 F.2d 1000 (4th Cir. 1990) ...................................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................................10

*Blackwood v. Berry, Dunn, McNeil & Parker, LLC*,
    828 F. App'x 174 (4th Cir. 2020) ...........................................................................2, 6

*Boyer v. Hankook Tire Co.*,
    No. 5:14CV165-RLV, 2015 WL 413793 (W.D.N.C. Jan. 30, 2015) .......................4

*Cannon v. Peck*,
    36 F.4th 547 (4th Cir. 2022) ....................................................................................6

*Common Cause v. Lewis*,
    956 F.3d 246 (4th Cir. 2020) ..................................................................................14

*Courthouse News Serv. v. Schaeffer*,
    429 F. Supp. 3d 196 (E.D. Va. 2019) ......................................................................8

*Courthouse News Services v. Shaefer*,
    2 F.4th 318 (4th Cir. 2021) ......................................................................................8

*Creech v. Everbank*,
    467 F. Supp. 3d 425 (E.D. Va. 2020) ......................................................................4

*Dahlgren v. Joza Properties*,
    LLC, No. 7:13-CV-00118-BO, 2013 WL 5494084 (E.D.N.C. Oct. 2, 2013) ..........5

*Dillon v. BMO Harris Bank, N.A.*
    16 F. Supp. 3d 605 (M.D.N.C. 2014) ......................................................................8

*Fairfax v. CBS Corp.*,
    2 F.4th 286 (4th Cir. 2021) ....................................................................................10

*Hart v. Travelers Prop. Cas. Co. of Am.*,
    610 F. Supp. 3d 785 (E.D.N.C. 2022)......................................................................4

*Harvey v. Cable News Network, Inc.*,
    48 F.4th 257 (4th Cir. 2022) ....................................................................................8

*Hatfill v. New York Times Co.*,
  416 F.3d 320 (4th Cir. 2005) ........................................................................................6

*Haynes v. Rocky Mount Cycles, Inc.*,
  730 F. Supp. 3d 206 (E.D.N.C. 2024).............................................................................6

*Hogan v. Cherokee Cnty.*,
  No. 1:18 CV 96, 2019 WL 11769118 (W.D.N.C. Nov. 14, 2019) .................................7

*Jackson v. Ocwen Loan Servicing, LLC*,
  No. 3:15CV238, 2016 WL 1337263 (E.D. Va. Mar. 31, 2016) ....................................6

*Lohrenz v. Donnelly*,
  350 F.3d 1272 (D.C. Cir. 2003) ..................................................................................11

*Markle v. Markle*,
  No. 8:22-CV-511-CEH-TGW, 2024 WL 1075339 (M.D. Fla. Mar. 12, 2024) .............11

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005).....................................................................................................14

*Mayfield v. NASCAR*,
  674 F.3d 369 (4th Cir. 2012) .........................................................................................3

*Michel v. NYP Holdings, Inc.*,
  816 F.3d 686 (11th Cir. 2016) .....................................................................................11

*Minnix v. Sinclair Television Grp., Inc.*,
  No. 7:23-CV-091, 2023 WL 3570955 (W.D. Va. May 19, 2023)............................3, 4, 6

*N.Y. Times Co. v. Sullivan*,
  376 U.S. 254 (1964)........................................................................................................3

*Pipe & Boiler Insulation, Inc. by & through Protopapas v. Cont'l Ins. Co.*,
  No. CV 3:21-3033-MGL, 2022 WL 1157242 (D.S.C. Apr. 19, 2022) ...........................4

*Santos Arita v. Stericycle, In*c.,
  No. CV GLR-20-355, 2020 WL 6684871 (D. Md. Nov. 12, 2020) ................................4

**State Cases**

*Boyce & Isley, PLLC v. Cooper*,
  211 N.C. App. 469, 710 S.E.2d 309 (2011)...................................................................8

*c.f. Rocky Mount Fam. YMCA, Inc. v. United States Fire Ins. Co.*,
  No. 5:20-CV-623-FL, 2021 WL 1233464 (E.D.N.C. Apr. 1, 2021 ) .............................5

*Hart v. Travelers Prop. Cas. Co. of Am.*,
  5:21-CV-466-FL (E.D.N.C.)........................................................................................4, 5

*Schell v. Coleman*,
    65 N.C. App. 91, 308 S.E.2d 662 (1983)......................................................................6, 13, 14

**Federal Statutes**

28 U.S.C. § 1446(b)(2)(A)............................................................................................................4

28 U.S.C. § 1447(c)..................................................................................................................14

**Rules**

Federal Rules of Civil Procedure Rule 20 ..............................................................................6, 7, 9

North Carolina Rules of Civil Procedure Rule 8(a)(2) ......................................................... *passim*

Defendant Cable News Network, Inc. ("CNN") submits this memorandum of law in opposition to Plaintiff Mark Keith Robinson's ("Robinson") Motion to Remand (ECF No. 24).

## PRELIMINARY STATEMENT

Robinson's Motion to Remand reinforces that he cannot possibly prevail against Defendant Louis Love Money ("Money") and that Money was fraudulently joined in this action. Robinson tries to evade the weakness of his defamation claim against Money by misrepresenting the procedural requirements for a Notice of Removal and the standards for evaluating a claim for fraudulent joinder. But when applying the correct standards, it is clear that Money has no place in this action and was joined only to defeat diversity. First, there is no possibility that Robinson can establish that Money made the allegedly defamatory statements with actual malice. Robinson's reliance on Money's alleged ill-will and political motivations fail as a matter of law. And his claim cannot be salvaged by impermissible, conclusory allegations that Money knew certain statements were false. Second, the challenged statements—that Robinson owes Money $25 and watched pornography—are not defamatory, even if some might disagree as to their propriety. Finally, Robinson has no possibility of prevailing against Money because he tainted the jury pool and caused irreparable harm to Money's reputation by pleading damages of $50,000,000, in clear violation of North Carolina Rule of Civil Procedure 8(a)(2).

As Robinson made clear in the press conference announcing his decision to bring this lawsuit, this case has always been about Robinson's (meritless) complaint against CNN. Robinson asserted a doomed claim against Money simply to avoid diversity jurisdiction. The motion to remand should be denied.

1

## STATEMENT OF FACTS

CNN incorporates the facts from its Notice of Removal (ECF No. 1) and its Memorandum of Law in Support of its Motion to Dismiss (ECF No. 9)[1].

## ARGUMENT

This Court should deny Robinson's motion for remand because removal was proper.

## I.    REMOVAL IS PROPER BECAUSE MONEY WAS FRAUDULENTLY JOINED

As set forth in the Notice of Removal, removal was proper because Robinson fraudulently joined Money for the purpose of defeating diversity jurisdiction. To establish fraudulent joinder, the removing party must demonstrate "either that the plaintiff committed outright fraud in pleading jurisdictional facts, or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Blackwood v. Berry, Dunn, McNeil & Parker, LLC,* 828 F. App'x 174, 175 (4th Cir. 2020) (internal quotation marks and citation omitted) (finding defendant was fraudulently joined where, among other claims, there was "no possibility of recovering" on plaintiff's defamation claim); ECF No. 1 at ¶ 26.[2] Here, there is "no possibility" that Robinson can establish a defamation claim against Money.

First, neither Money's statements in a music video nor those quoted in *The Assembly* Article are defamatory. These statements concern a $25 debt, watching pornography, and spending time in a pornographic video store, none of which, even if disagreeable to some, are actionable.

---

[1] CNN uses the same definitions in this memorandum of law as it did in its Notice and in its opening brief.

[2] Robinson complains that CNN's Notice of Removal (ECF No. 1) did not include reference to its "heavy burden" in demonstrating that Money was fraudulently joined. (ECF No. 25 at 5 n.1.) But CNN correctly stated the fraudulent joinder standard (ECF No. 1 at ¶ 26), which Robinson does not contest. Nor did CNN "suggest a less rigid burden." (ECF No. 26 at 6 n.1.) Rather, the Notice of Removal explains that, even under the "no possibility standard," Robinson cannot evade federal jurisdiction where there is no basis for his claim. (ECF No. 1 at ¶ 27.) CNN readily overcomes its "heavy burden" to demonstrate that Money was fraudulently joined.

(ECF No. 1 at ¶¶ 42–48.) Second, Robinson does not and cannot plead that Money published any of the statements with actual malice. To do so, Robinson was required to allege facts that create a plausible inference that Money knowingly made a false statement about Robinson or made the statement with reckless disregard for the truth. *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279–80, 285–86 (1964); *Mayfield v. NASCAR*, 674 F.3d 369, 377–78 (4th Cir. 2012). But, as explained in the Notice of Removal, Robinson has failed to do so. (ECF No. 1 at ¶¶ 34–41.) There is, therefore, no possibility that Robinson can prevail in his claims against Money and removal was proper.

Robinson's claims fail for the additional reason that Robinson's original complaint violated North Carolina Rule of Civil Procedure 8(a)(2), which prohibits pleading damages in excess of $25,000. Robinson's complaint sought $50,000,000. In short, Robinson's claims against Money are doomed.

In the motion, Robinson makes several attempts to forestall this inevitable outcome—some procedural and some substantive—but all of them fail.

## II. THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

Robinson first claims the notice of removal was insufficient to satisfy the unanimous consent rule. He is wrong for two reasons. First, the notice is clearly sufficient. To satisfy the "unanimous consent rule", CNN must inform the court all defendants consent to removal of an action, which is precisely what was done here. CNN's notice read: "This notice is filed with the consent of all Defendants." (ECF No. 1 at ¶ 62.) The logical reading of this statement is that Money consented to CNN's removal to federal court and Robinson has cited no case where a notice of removal with that language has been rejected. In fact, other courts in this Circuit have found this language acceptable. For example, in *Minnix v. Sinclair Television Group, Inc.*, the notice of removal used language identical to that used here. No. 7:23-cv-00091-MFU-CKM (W.D. Va.), ECF No. 1 at ¶ 49. In that defamation action, the court found that the in-state defendant was

fraudulently joined over the matter, assumed jurisdiction, and ultimately dismissed the case against all parties. *Minnix v. Sinclair Television Grp., Inc*., No. 7:23-CV-091, 2023 WL 3570955, at *3 (W.D. Va. May 19, 2023). CNN's notice of removal is, therefore, sufficient.

Second, in any event, because CNN removed based on fraudulent joinder, consent from Money was not even required. Courts in this Circuit consistently hold that, because the unanimous consent rule applies only to those defendants "who have been *properly joined* and served", 28 U.S.C. § 1446(b)(2)(A) (emphasis added), the removing defendant does not need consent from fraudulently joined parties. *See, e.g.*, *Pipe & Boiler Insulation, Inc. by & through Protopapas v. Cont'l Ins. Co*., No. CV 3:21-3033-MGL, 2022 WL 1157242, at *3 (D.S.C. Apr. 19, 2022) ("[T]he [co-defendant's] consent to remove would be unnecessary if it was fraudulently joined."); *Creech v. Everbank*, 467 F. Supp. 3d 425, 427 n.1 (E.D. Va. 2020) (concluding that consent of the fraudulently joined party was not required); *Santos Arita v. Stericycle, In*c., No. CV GLR-20-355, 2020 WL 6684871, at *2 (D. Md. Nov. 12, 2020) ("[F]raudulently joined defendants are not required to consent to a co-defendant's notice of removal.") (citation omitted); *Boyer v. Hankook Tire Co.,* No. 5:14CV165-RLV, 2015 WL 413793, at *3 n.6 (W.D.N.C. Jan. 30, 2015) ("The fact that [the co-defendant] did not consent to removal is immaterial in light of Defendants' argument that the R. Morrison Estate is fraudulently joined."). Indeed, this Court has found that a party was fraudulently joined where the notice of removal did not include a consent from the nondiverse defendant. *See Hart v. Travelers Prop. Cas. Co. of Am.*, 5:21-CV-466-FL (E.D.N.C.), ECF No. 1, (Flannagan, J.) (no indication that the in-state Cape Fear defendants consented to removal); *Hart v. Travelers Prop. Cas. Co. of Am.*, 610 F. Supp. 3d 785, 794 (E.D.N.C. 2022) (Flanagan, J.) (finding that the Cape Fear defendants had been fraudulently joined and dismissing them from the

action). Therefore, even if CNN's notice did not properly reflect unanimous consent from Money —and it certainly did—Robinson's argument that the notice is insufficient is incorrect.

## III.    ROBINSON MISSTATES THE STANDARDS FOR FRAUDULENT JOINDER

Next, Robinson misstates the standards for fraudulent joinder. All parties agree on the basic fraudulent joinder standard, set forth *supra* at p. 2, and all parties also agree that, while evaluating removal on the basis of fraudulent joinder, the court must resolve all issues of law and fact in the plaintiff's favor. (ECF No. 26 at 5.) But Robinson goes one step further and argues that "resolving" legal issues in his favor means that this Court must assume he has plead his claims as a matter of law. *Id.* at 8 ("[E]valuating whether Lt. Gov. Robinson has made sufficient allegations of actual malice not only requires evaluations of fact, but also of law. . .those questions must resolve in favor of Lt. Gov. Robinson"); *Id.* at 10 ("[B]ecause the defamatory import of Money's statements is an issue of law, in this motion for remand the Court must resolve it in Lt. Gov't Robinson's favor"); *Id.* (arguing that the dispute over North Carolina Rule 8(a)(2) "cannot support CNN's argument for fraudulent joinder" because "all issues of fact and law resolve in favor of the party seeking remand."). This argument is wrong.

The correct application of this rule requires only that the court resolve legal and factual *uncertainties* in Robinson's favor. *Dahlgren v. Joza Properties*, LLC, No. 7:13-CV-00118-BO, 2013 WL 5494084, at *2 (E.D.N.C. Oct. 2, 2013) (remanding because the legal question was a novel one); *c.f. Rocky Mount Fam. YMCA, Inc. v. United States Fire Ins. Co.*, No. 5:20-CV-623-FL, 2021 WL 1233464, at *4 (E.D.N.C. Apr. 1, 2021 ) (Flanagan, J.) (explaining that "Defendants have not identified any North Carolina case addressing [the relevant legal issue], the novelty of which weighs against a finding of fraudulent joinder"). It does not mean, as Robinson suggests, that the Court must remand the action simply because the Notice of Removal raises legal questions.

Indeed, Robinson's suggested rule would be inconsistent with the fraudulent joinder standard, which explicitly allows the court to assess whether "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant." *Blackwood*, 828 F. App'x at 175. And it would be contrary to the case law in this Circuit in which courts have assessed the legal sufficiency of a plaintiff's claims in the fraudulent joinder context. *See, e.g.*, *Haynes v. Rocky Mount Cycles, Inc.*, 730 F. Supp. 3d 206, 213, 215 (E.D.N.C. 2024) (analyzing a negligence claim and whether the in-state defendant owed a legal duty, a question of law, and concluding that that defendant was fraudulently joined); *Minnix*, 2023 WL 3570955, at *3 (concluding the in-state defendant was fraudulently joined where the plaintiff could not establish his defamation claim against that defendant); *Jackson v. Ocwen Loan Servicing, LLC*, No. 3:15CV238, 2016 WL 1337263, at *6, 8 (E.D. Va. Mar. 31, 2016) (same). Robinson has misstated the law.[3]

Robinson also argues, relying on Rule 20 of the Federal Rules of Civil Procedure, that his claims against Money are properly joined with those against CNN and suggests the rule supports remand. But Rule 20 is not relevant here. Fraudulent joinder considers whether a plaintiff has a viable cause of action against a defendant or whether that defendant has been joined only to destroy complete diversity. *See AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990). Rule 20 considers whether a defendant has been properly joined as a

---

[3] As discussed below, applying the correct standard, there is no basis to grant Robinson's motion to remand. There are no legal uncertainties at issue here. Each basis for CNN's notice of removal—actual malice, defamatory meaning, and compliance with North Carolina's Rule of Civil Procedure 8(a)(2)—are questions of law that can be resolved solely on the Court's review of the Amended Complaint and the exhibits to the Notice of Removal. *Cannon v. Peck*, 36 F.4th 547, 566 (4th Cir. 2022) (actual malice); *Hatfill v. New York Times Co.*, 416 F.3d 320, 330 (4th Cir. 2005) (defamatory meaning); *Schell v. Coleman*, 65 N.C. App. 91, 92, 308 S.E.2d 662, 663 (1983) (assessing violation of Rule 8(a)(2)).

matter of civil procedure. *See Hogan v. Cherokee Cnty.*, No. 1:18 CV 96, 2019 WL 11769118, at *3–4 (W.D.N.C. Nov. 14, 2019). In other words, fraudulent joinder tests the viability of a claim against a nondiverse defendant, whereas Rule 20 tests the procedural soundness of joining certain parties. Therefore, whether Money has been fraudulently joined is not adjudged by whether there is permissible joinder under Rule 20.

In any event, even under Rule 20, it is plainly evident that Money and CNN do not belong in the same lawsuit, further demonstrating that the sole reason Plaintiff added Money as a defendant was to disrupt diversity and avoid federal court. Joinder under Rule 20 is proper where the claim against the parties arises "[o]ut of the same transaction, occurrence, or series of transactions or occurrences" and where there is any "[q]uestion of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A). Here, neither prong is satisfied. First, there are no common issues of fact; the claims are based on different statements made by different parties in different publications. Robinson's claim against Money is based on statements made in Money's music video and quotes he gave in an interview for *The Assembly*, whereas the claim against CNN arises from an unrelated article published by CNN journalists on CNN's website. Robinson's claims against Money accuse Money of falsely stating that Robinson owed him $25 and spent time in a pornographic video store, whereas Robinson's claims accuse CNN of falsely reporting that Robinson made racist, lewd, and sexually explicit comments on the pornography website, Nude Africa. The singular overlap is a reference to *The Assembly* Article in the CNN Article:

> CNN's reporting on Robinson's comments comes a few weeks after The Assembly, a North Carolina digital publication, reported that Robinson frequented local video pornography shops in the 1990s and 2000s. The story cited six people who interacted and saw him frequent the stores in Greensboro, North Carolina. A spokesperson for Robinson called the story false and a 'complete fiction.

(ECF No. 1-6 at 6.) There is no mention of Money or even his specific statements. There is therefore no factual overlap.

Second, the claims do not involve common questions of law. Robinson will have to prove the elements of defamation against each party based on entirely unrelated statements, and therefore, the claims will not rely on *any* overlapping evidence. Moreover, as a public figure (ECF No. 1 at ¶ 34 n.2; ECF No. 26 at 7), Robinson must prove the statements were published with actual malice, *Boyce & Isley, PLLC v. Cooper*, 211 N.C. App. 469, 479-80, 710 S.E.2d 309, 318 (2011); *see infra* p. 9, and the actual malice inquiry considers the subjective knowledge and awareness of falsity for *each* individual as to *each* statement. *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 273 (4th Cir. 2022). There is surely no "common question" between Money's subjective awareness of falsity as to statements he allegedly made and CNN's subjective awareness of probable falsity as to different statements CNN allegedly made.

This case therefore differs in critical ways from those Robinson cites. In *Courthouse News Services v. Shaefer*, the Fourth Circuit found joinder was appropriate where "Courthouse News alleged identical claims against similarly situated defendants." 2 F.4th 318, 325 (4th Cir. 2021). As the *Courthouse News Services* district court opinion explained, joinder was appropriate because "litigating the same legal question with substantially the *same fact pattern* would result in duplicative and unnecessary costs to the parties and courts." *Courthouse News Serv. v. Schaeffer*, 429 F. Supp. 3d 196, 203 (E.D. Va. 2019); *see also Dillon v. BMO Harris Bank, N.A.* 16 F. Supp. 3d 605, 616 (M.D.N.C. 2014) (finding joinder appropriate where "each defendant's *role is alleged to be the same as the other defendants* and to have arisen in *exactly the same way*") (emphasis added). Here, the fact patterns are entirely different and there is absolutely no conduct that arose

in "exactly" the same way. Even if Rule 20 were relevant—and it is not—it provides no support for Robinson here.

That CNN and Money do not belong in the same action is further evidenced by Robinson's October 15, 2024 press conference about the lawsuit. There, Robinson and his attorney used their soapbox to decry CNN's alleged efforts to prevent Robinson from becoming governor of North Carolina. (ECF No. 1 at ¶ 14.) Robinson made clear that this lawsuit was the "first step" to "holding CNN accountable" for its alleged "journalistic hit job." (*Id*. at ¶ 24.) Money was mentioned only in response to a direct question from a reporter to Robinson's counsel and when Robinson's counsel named the defendants. (*Id*.) There was no mention, nor could there be, of any shared conduct, transactions, occurrences, or any other connection between CNN and Money. Money was added purely to thwart this Court's jurisdiction.

## IV.    ROBINSON DOES NOT SUFFICIENTLY ALLEGE HIS DEFAMATION CLAIM

Finally, Robinson makes a half-hearted attempt to argue that there is a possibility he can prevail on his claim, but those arguments fail as well.

### A.    ROBINSON DOES NOT ALLEGE MONEY ACTED WITH ACTUAL MALICE

*First*, as set forth in the Notice of Removal, Robinson cannot possibly establish, as he must, that Money made the allegedly defamatory statements with "actual malice". As discussed in the Notice of Removal, the Amended Complaint alleges that Money published the statements with actual malice because 1) he bore Robinson animus and 2) Money's statements are "blatant fabrications". Both these allegations fail because, as a matter of law, neither ill-will nor conclusory

allegations are sufficient to show actual malice.[4] (*See* ECF No. 1 at ¶¶ 35–41.) Robinson's Motion does not meaningfully address these arguments.

For example, while Robinson concedes that "ill will, standing alone, is not sufficient to establish actual malice, (ECF No. 26 at 8), he fails to address the case law from the Fourth Circuit and other courts, cited in the Notice of Removal, that "alleged political motivation" or bias can support a finding of actual malice. *Fairfax v. CBS Corp.,* 2 F.4th 286, 294 (4th Cir. 2021); *see also* ECF No. 1 at ¶ 37. Instead, he contends that his claim does not rely only on ill-will but on unspecified other allegations.[5] But he does not identify what the additional allegations are, nor are there any in the Amended Complaint. Robinson's argument on this point emphasizes the weakness of his actual malice allegations.

Next, Robinson argues his conclusory allegations that Money's statements are "blatant fabrications" and that Money has "actual knowledge of the falsity of his statements" are sufficient because Money is a "first-party" with "actual knowledge of the facts and circumstances" of his relationship with Robinson. (ECF No. 26 at 6.) This argument is specious at best; adopting it would allow courts, on a motion to dismiss in defamation cases involving first-hand accounts, to ignore *Iqbal*/*Twombly*'s mandate that "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is not surprising then that Robinson cites no case law in support of his position. He instead speculates that the holding as to actual malice in *Fairfax v. CBS* would have been different

---

[4] Robinson's allegations of actual malice as to CNN are similarly implausible. (*See* ECF No. 9 at 6–14.) CNN has moved to dismiss the Amended Complaint on this basis. (ECF No. 8.)

[5] Any allegation of ill-will is belied by Money's public statements in *The Assembly* Article and on Money's social media pages. (*See* ECF No. 1 at ¶ 38.) That these statements show, on their face, Money's affection for Robinson are not, as Robinson claims, "disputes of facts". (ECF No. 26 at 8.)

if the plaintiff sued the women who claimed they were sexually assaulted rather than the journalist who reported on those accusations. (ECF No. 26 at 6–7.) Rather than surmise about how a court may respond to a hypothetical lawsuit, this Court should consider how courts have *in fact* analyzed this issue. For example, in *Markle v. Markle*, plaintiff Samantha Markle sued her half-sister, Meghan Markle, Dutchess of Sussex. The plaintiff alleged that statements the defendant made in a television interview and in a documentary were defamatory. No. 8:22-CV-511-CEH-TGW, 2024 WL 1075339, at *1 (M.D. Fla. Mar. 12, 2024). Certain statements concerned defendant's first-hand memory of her childhood. *Id.* at *13. These statements were dismissed, in part, because the plaintiff failed to allege actual malice, stating:

> Plaintiff's primary actual malice allegation is a conclusory of the standard . . . . Sufficiently pleading actual malice requires Plaintiff to allege facts that would allow the Court to reasonably infer that Defendant 'actually entertained serious doubts as to the veracity of the published account, or was highly aware that the account was probably false.' The conclusory recitations mentioned above fail to meet this standard.

*Id.* at *15–16 (quoting *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702–03 (11th Cir. 2016)). Accordingly, the court dismissed with prejudice plaintiff's claims based on those statements. The same result is warranted here. Just like the defendant in *Markle*, the allegedly defamatory statements here are based on Money's recollection. And, as in *Markle*, Robinson's conclusory allegations about events Money had "first person" knowledge of are insufficient as a matter of law.[6]

---

[6] Robinson's Opposition ignores other facts raised by CNN that undercut his actual malice argument. For example, Money volunteered to *The Assembly* that "other former associates" and an ex-girlfriend, all of whom *he* contacted, did not remember seeing Robinson in the adult film stores. (ECF No. 1-4 at 7; ECF No. 1 at ¶ 28.) An acknowledgement that other people do not share his memory of Robinson belie an allegation of actual malice. *See Lohrenz v. Donnelly*, 350 F.3d 1272, 1286 (D.C. Cir. 2003) ("[R]eporting perspectives at odds with the publisher's own, 'tend[ ] to rebut a claim of malice, not to establish one.'") (citation omitted). The Opposition also ignores that there was no "admission", as Robinson incorrectly claims, that Money released his music

## B. THE STATEMENTS ARE NOT DEFAMATORY

*Second*, as set forth in the Notice of Removal, Robinson cannot prevail against Money because none of the challenged statements are defamatory. Initially, Robinson does not contest that Money's statement that Robinson owed him $25 is defamatory. (*Compare* ECF No. 26 with ECF No. 1 at ¶¶ 44–45.) Nor are the statements about Robinson purchasing and watching pornography. As CNN explained in its Notice, which Robinson does not contest in his motion to remand, while some may disagree about the propriety of such conduct, watching pornography is not defamatory. (ECF No. 1 at ¶ 46.)

Instead, Robinson claims that the statements about watching pornography are defamatory when taken in their "full context." (ECF No. 26 at 9.) Here, he alleges, the "context" is the alleged "accusations of being obsessed with pornography to the point of squaring his family's limited resources on hundreds of 'bootleg' porn videos and spending every night, into the early morning hours, in an adult video store rather than with his family." (*Id.* at 9–10.)

But none of this "context" is published by Money. The song "The Lt. Governor Owes Me Money", is a lighthearted punk song by the Trailer Park Orchestra that begins with the lyrics "Hey Lieutenant Governor, I am so proud of you." (ECF No. 1-5.) The song primarily concerns an alleged debt owed to Money, which Robinson effectively concedes is not defamatory. The only references to watching pornography are Money's two references to "bootlegs" (*Id*. at 1:12-1:20; 2:00-2:06.) This surely does not imply that Robinson was financially irresponsible or that he spent time in a pornography store at the expense of spending time with his family. That Robinson even had a family or financial troubles during the relevant time period is not mentioned in any way in

---

video or gave an interview to *The Assembly* in order to cause Robinson "maximum damage" in the election. (*See* ECF No. 1- 24 at ¶ 28; ECF No. 1 at ¶ 39.)

the song. All that is left is the nondefamatory statement that Robinson watched pornography. (*See* ECF No. 1 at ¶46.)[7]

At best, therefore, only *The Assembly* Article statements could be actionable under Robinson's explanation of what is defamatory. But Robinson ignores that none of *Money*'s statements implicate Robinson's financial or familial status. Money's statements in the Article refer to Robinson's presence at the pornography store, the viewing and purchasing of pornography, and the $25 debt. (*See* ECF No. 1-4.) There is absolutely no mention in Money's statements about Robinson's family or financial status. Instead, it was the authors of *The Assembly* Article that discussed Robinson's family and financial status. But there are no allegations, nor could there be, that Money wrote or exercised any editorial judgment about the contents of the Article. He cannot, therefore, be liable for them. Money did not make defamatory statements about Robinson. His joinder is fraudulent.

## C.     ROBINSON'S VIOLATION OF RULE 8(A)(2) SUPPORTS REMOVAL

Robinson's Motion to Remand completely ignores the merits of Money's Rule 8(a)(2) claim. Instead, Robinson argues that this Court cannot assess the merits of his claim because it must "resolve" all legal questions in his favor. (ECF No. 26 at 10.) As discussed above, Robinson is simply wrong about that.

Robinson clearly violated Rule 8(a)(2). As CNN explained in its Notice of Removal, Rule 8(a)(2) was enacted to "save reputations from the harm" that can result from the public learning about the amount of money demanded and "drawing their own conclusions." *Schell v. Coleman*, 65 N.C. App. 91, 93, 308 S.E.2d 662, 664 (1983). Dismissal of a complaint for a violation of Rule 8(a)(2) is appropriate where, like here, the violation is "flagrant and aggravated" and causes

---

[7] Money's statements about Robinson's viewing habits do not suggest "sexual deviancy", as Robinson alleges. Nor does Money describe them as "abnormal or degenerate".

"irreparable harm" to the defendant's reputation and ability to receive a fair trial. *Id.* at 94, 308 S.E.2d at 665. Robinson's press conference spurred numerous news outlets to cover the lawsuit and the $50 million sum. (*See* ECF No. 1 at ¶¶ 49-54; at ECF No. 1-22; ECF No. 1-23.) And even after Robinson filed the Amended Complaint, a campaign staff member continued to publicize the 50 million dollar figure. (ECF No. 1-23 at 2, 4.) As a result, Money's ability to receive a fair trial is compromised.

This Court should reject Robinson's gamesmanship, dismiss Money from this action, and retain jurisdiction.

## V. ROBINSON IS NOT ENTITLED TO ATTORNEY'S FEES

Even if this Court remands the action, Robinson should bear his own costs. Attorney's fees under 28 U.S.C. § 1447(c) are warranted only where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). But "when an objectively reasonable basis exists, fees should be denied." *Id.* As evident from CNN's arguments above, there is certainly a reasonable (if not persuasive) basis for removal. And CNN has certainly "provided detailed arguments and comprehensively briefed the issues arising from their removal, including with reference to a wide range of case law," which weighs against ordering fees. *Common Cause v. Lewis*, 956 F.3d 246, 257 (4th Cir. 2020) (internal quotes and citation omitted). Accordingly, in the event of remand, there is no justification for the award of attorney's fees to Robinson.

## CONCLUSION

For the foregoing reasons, Defendant CNN respectfully requests that the Court deny Plaintiff's Motion to Remand and assume jurisdiction over this action.

Dated: January 17, 2025

MOORE & VAN ALLEN LLP

*/s/ Mark A. Nebrig*

Mark A. Nebrig
N.C. Bar No. 28710
Kaitlin M. Price
N.C. Bar No. 50941
Moore & Van Allen LLP
100 North Tryon Street
Suite 4700
Charlotte, NC 28202
(704) 331-1000
marknebrig@mvalaw.com
kaitlinprice@mvalaw.com

Katherine M. Bolger (special appearance)
Hilary Oran (special appearance)
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
(212) 489-8230
katebolger@dwt.com
hilaryoran@dwt.com

*Attorneys for Defendant Cable News Network*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of January, 2025, the foregoing Memorandum in Opposition to Plaintiff's Motion to Remand was filed electronically with the Clerk of Court through ECF, and that ECF will send e-notice of the electronic filing to the attorneys of record.

*/s/ Mark A. Nebrig*
Mark A. Nebrig